Dear Mr. Starns:
This office is in receipt of your recent opinion request on behalf of Avoyelles Parish School Board Member Thomas Williber and the Office of the District Attorney in Avoyelles Parish. You sought an opinion from this office regarding the legality and propriety of the Avoyelles Parish School Board appropriating money in its general fund by "blocks". You also questioned how funds are to be appropriated and properly disbursed from the general fund by a school board. You further asked us to include in our analysis a discussion of how funds from the general fund are legally disbursed.
LSA-R.S. 17:88 et seq. and Louisiana Local Government Budget Act, found at LSA-R.S. 39:1301 et seq., govern how local school boards should appropriate and disburse funds to the various schools within their systems. LSA-R.S. 17:88 states, in pertinent part:
 A. Each city and parish school board shall adopt no later than September fifteenth of each year, a budget for the general fund and each special revenue fund for the fiscal year, July first through June thirtieth. The revenue/receipts shall be those normally expected from constitutional, statutory, and regular sources and shall not include probable revenue/receipts that may arise from doubtful or contingent sources.
 B. The revenue/receipts and expenditures/disbursements in this budget shall be listed and classified in such manner and substance as shall be prescribed by the state superintendent of public education, and shall detail as nearly as possible the several items of expected revenue/receipts and expenditures/disbursements, the total of which shall not exceed the expected means of financing composed of the beginning fund balance, cash balances and revenues/receipts. No item of expenditure unless included in a subsequent revised budget, not included in the detailed estimates shall be paid by the treasurer, or ex officio treasurer, of the school board, under the penalty that he and his surety or bondsman, shall be personally liable for any items so paid and not included in this budget of expenditure. . . .
 C. Each school board shall submit to the state superintendent of education a copy of its adopted budget no later than September thirtieth of each year which shall include the same line items as prescribed by the State Board of Elementary and Secondary Education for inclusion in the financial and statistical report as well as a general summary of the adopted budget. . . .
 * * *
 E. All action necessary to adopt and otherwise finalize and implement the budget for the current year shall follow R.S. 39:1301 through 1316, as applicable. (footnote deleted)
Therefore, each school board has the statutory authority to adopt a budget of revenue and expenditure for each fiscal year. The budget is to be applied to the schools within each board's school system. The statute also mandates that each school board shall submit to the state superintendent of education a copy of is adopted budget, which shall include the same line items as prescribed by the State Board of Elementary and Secondary Education.
LSA-R.S. 39:1301 — 1315 et seq., also known as the "Local Government Budget Act," further explains how a local school board shall prepare and implement a budget for its school system. LSA-R.S.39:1305, entitled "Budget preparation," states in pertinent part:
 A. Each political subdivision shall cause to be prepared a comprehensive budget presenting a complete financial plan for the ensuing fiscal year for the general fund and each special revenue fund.
 B. The chief executive or administrative officer of the political subdivision or, in the absence of such positions, the equivalent thereof shall prepare the proposed budget.
 C. The budget document setting forth the proposed financial plan for the general fund and each special revenue fund shall include the following:
 * * *
 (b) School boards shall itemize revenues and expenditures in accordance with guidance provided by the state Department of Education.
 (c) If, upon the request of the governing authority, the political subdivision fails to submit its budget document showing the information concerning revenue sources as mandated by this Subsection, the governing authority shall not appropriate any general funds to such political subdivision.
 D. A budget proposed for consideration by the governing authority shall be accompanied by a proposed budget adoption instrument. . . . The budget adoption instrument for any municipality, parish, school board, or special district shall be an appropriation ordinance, adoption resolution, or other legal instrument necessary to adopt and implement the budget document. The adoption instrument shall define the authority of the chief executive and administrative officers of the political subdivision to make changes within various budget classifications without approval by the governing authority, as well as those powers reserved solely to the governing authority.
 E. The total of proposed expenditures shall not exceed the total of estimated funds available for the ensuing fiscal year. (Emphasis supplied)
LSA-R.S. 39:1305 and LSA-R.S. 17:88, delineates those items that must be included in a school board's proposed budget. LSA-R.S. 39:1306 and LSA-R.S. 17:88(A) mandates how the budget shall be completed and sets deadlines for the submission of a completed budget. LSA-R.S. 39:1307
provides for public participation in the budgetary process. If the total expenditures of the political subdivision is two hundred fifty thousand dollars or more, the statute mandates public hearings. (See, LSA-R.S.39:1307(B)). LSA-R.S. 39:1308 provides that the proposed budget of a political subdivision, including school boards, shall be made available for public inspection. LSA-R.S. 39:1309 provides that the school board shall adopt a budget for the ensuing fiscal year in an open meeting and be completed prior to the date for budget adoption mandated by LSA-R.S.17:88(A). LSA-R.S. 39:1310 spells out the procedure for amending the budget and mandates that all amendments be approved in an open meeting.
LSA-R.S. 39:1311 provides the requirement that once the budget is adopted by the local school board, it serves as authorization for the superintendent to handle the actual disbursement of the funds appropriated. The superintendent, however, should act in a manner not inconsistent with the goals/objectives of the Board as defined in the adopted budget. LSA-R.S. 39:1312 provides for the consequence of the governing authority's failure to make appropriations in any given fiscal year. LSA 39:1313 mandates that the chief executive or administrative officer shall retain and file certified copies of the budget at the domicile of the governing authority. LSA-R.S. 39:1314 provides for the expenditure of funds in cases of emergency. LSA-R.S. 39:1315 provides a criminal penalty to those public officials or officers who violate the provisions of LSA-R.S. 39:1305(E).
None of the provisions of law address the concept of appropriating funds by "block." Therefore, it is the opinion of this office that the Avoyelles Parish School Board may adopt and submit a budget to BESE for their general fund as delineated in LSA-R.S. 17:88 et seq. and LSA-R.S.39:1301 through 39:1315. Once this budget is approved, allocation of funds should be in accordance with the budget, whether that is by "block" or any other approved means.
Very truly yours
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ Veronica L. Howard Assistant Attorney General
RPI:VLH:lrs